CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG #5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
E-mail:  Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | MAG. NO. 23-1013 WRP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING THE GOVERNMENT'S MOTION TO DETAIN THE DEFENDANT WITHOUT BAIL |
| vs. | ) ) | |
| AVERY GARRARD,           (01) | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING THE GOVERNMENT'S MOTION
TO DETAIN THE DEFENDANT WITHOUT BAIL**

On June 23, 2023, the defendant, AVERY GARRARD, was arrested. On June 26, 2023, a Criminal Complaint in the captioned matter was filed, charging the defendant with conspiring with co-defendant Keina Drageset and others to distribute fentanyl, resulting in death, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 846. In sum, the Criminal Complaint charges the defendant and Drageset distributed fentanyl to others that resulted in two people dying from the fentanyl and with three others being seriously injured.

Also on June 26, 2023, and pursuant to the Bail Reform Act of 1984, as codified at 18 U.S.C. § 3142(e), the Government filed a motion to detain the defendant, alleging that he was a danger to the community and a flight risk. The motion further alleged that there was a rebuttable presumption for detention, pursuant to 18 U.S.C. § 3142(e), because there was probable cause to believe the defendant distributed fentanyl that resulted in the death of two persons, thereby making him eligible for the mandatory minimum sentence of 20 years set forth in 21 U.S.C. § 841(b)(1)(C).

The defendant's initial appearance was held on June 27, 2023. At that time, the Court scheduled a detention hearing to be held on June 30, 2023.

On June 28, 2023, the Government filed a memorandum in support of its motion to detain the defendant and his co-defendant Drageset.

The detention hearing was held on June 30, 2023. Assistant U.S. Attorney Marshall H. Silverberg represented the United States. Neal Kugiya, Esq., represented the defendant, who also was present. The Court informed both counsel that the U.S. Pretrial Services office had recommended that the defendant be detained because there were no conditions or combinations of conditions that would protect the community or ensure the defendant would appear at his future court appointments. The Court further stated that it was inclined to follow that recommendation and grant the Government's motion to detain the defendant. The Court then heard argument from counsel.

The Government's counsel pointed out that there was a rebuttable presumption that the defendant be detained pursuant to 18 U.S.C. § 1342(e). Further, because two people who allegedly used fentanyl supplied by the defendant and his co-defendant died from using such fentanyl, the crime was very serious and the defendant was facing a mandatory minimum sentence of 20 years.

Moreover, according to the defendant's state probation officer, the defendant violated his state probation and a warrant for his arrest was pending. Further, according to that state probation officer, the defendant did not comply with terms of release while on probation, including using drugs and failing to check-in with the probation office as required. Indeed, the defendant, by his own admissions,

3

appears to be addicted to methamphetamine and fentanyl.   In particular, the defendant admitted that he had been using methamphetamine and fentanyl daily for a year up until the day of his arrest.   Finally, the defendant has a criminal record, including a prior drug conviction and multiple charges for Criminal Contempt have been filed.

The defendant's counsel did not challenge the Government's arguments or the recommendation by the U.S. Pretrial Services office that the defendant be detained.

WHEREFORE, the Court finds that the Government has shown, by clear and convincing evidence, that the defendant presents a danger to other persons and the community, pursuant to 18 U.S.C. § 3142(f), and there are no conditions of release which would reasonably assure the safety of other persons and the community pursuant to 18 U.S.C. § 3142(e)(1).

The Court further finds that the Government has shown, by a preponderance of the evidence, that the defendant presents a serious risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A), and there are no conditions of release which would reasonably assure the defendant's appearance in Court as required by 18 U.S.C. § 3142(e)(1).

4

IT IS HEREBY ORDERED that the government's motion to detain the defendant without bail is granted.   The defendant is hereby detained pending further Order of this Court.   Pursuant to 18 U.S.C. § 3142(i), it is further Ordered that:

1. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel; and

3. Upon order of this Court or on the request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of appearances in connection with court proceedings herein.

DATED: July 3, 2023, at Honolulu, Hawaii.



Rom A. Trader
United States Magistrate Judge

*United States v. Avery Garrard,*
Mag. No. 23-1013 WRP
"Order Granting Government's Amended Motion To Detain The Defendant Without Bail"