CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG #5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
E-mail:  Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | MAG. NO. 23-1013 WRP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING THE GOVERNMENT'S MOTION TO DETAIN THE DEFENDANT WITHOUT BAIL |
| vs. | ) ) ) | |
| KEINA DRAGESET,       (02) | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING THE GOVERNMENT'S MOTION
TO DETAIN THE DEFENDANT WITHOUT BAIL**

On June 23, 2023, the defendant, KEINA DRAGESET, was arrested.  On June 26, 2023, a Criminal Complaint in the captioned matter was filed, charging the defendant with conspiring with co-defendant Avery Garrard and others to distribute fentanyl, resulting in death, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 846.  In sum, the Criminal Complaint charges that the defendant and Garrard distributed fentanyl to others that resulted in two people dying from the fentanyl and with three others being seriously injured and hospitalized.

Also on June 26, 2023, and pursuant to the Bail Reform Act of 1984, as codified at 18 U.S.C. § 3142(e), the Government filed a motion to detain the defendant, alleging that she was a danger to the community and a flight risk.  The motion further alleged that there was a rebuttable presumption for detention, pursuant to 18 U.S.C. § 3142(e), because there was probable cause to believe the defendant distributed fentanyl that resulted in the death of two persons, thereby making her eligible for the mandatory minimum sentence of 20 years set forth in 21 U.S.C. § 841(b)(1)(C).

The defendant's initial appearance was held on June 27, 2023.  At that time, the Court scheduled a detention hearing to be held on June 30, 2023.

On June 28, 2023, the Government filed a memorandum in support of its motion to detain the defendant and her co-defendant Garrard.  Early on June 30,

2023, the U.S. Pretrial Services Office filed its Pretrial Services Report which contained its initial evaluation of defendant KEINA DRAGESET.

The detention hearing was held on June 30, 2023.  Assistant U.S. Attorney Marshall H. Silverberg represented the United States.  Sean Fitzsimmons, Esq., represented the defendant, who also was present.  The Court informed both counsel that the U.S. Pretrial Services office had recommended that the defendant be released on bail to Sand Island Treatment Center.  The Court further noted that defendant had no prior criminal history and was a domestic violence victim during her relationship with co-defendant AVERY GARRARD.  The Court then heard argument from both counsel.

The Government's counsel pointed out that there was a rebuttable presumption that the defendant be detained pursuant to 18 U.S.C. § 1342(e). Further, because two people who allegedly used fentanyl supplied by the defendant and her co-defendant died from using such fentanyl, the crime was very serious and the defendant was facing a mandatory minimum sentence of 20 years.

Moreover, it was not just the fentanyl supplied to the five victims that was at issue here.  Even after the two persons died from a fentanyl overdose on June 3-4, 2023, the defendant continued to have a large cache of fentanyl available for distribution.  According to the Criminal Complaint, on June 23, 2023, a search

warrant was executed on the defendant's apartment and approximately 500 gross grams (including packaging) of fentanyl was found therein. Further, about $150,000 in cash was found in a safe in the apartment. According to a former DEA informant, the defendant and Garrard distributed large quantities of fentanyl.

Further, also on June 23, 2023, investigators obtained a search warrant for a parcel addressed to the defendant at her apartment. The execution of the search warrant on that warrant revealed approximately 8.6 grams of fentanyl.

Finally, also on June 23, 2023, the defendant was arrested in her white Tesla with Garrard. At that time, she had an additional quantity of fentanyl in her possession. It is uncontested that the defendant, herself, uses fentanyl, heroin, and methamphetamine and recently used both methamphetamine and fentanyl.

Thus, as pointed out be the Government's counsel, not only was the defendant allegedly co-responsible for two people dying from fentanyl overdoses, but thereafter she apparently continued trafficking in fentanyl, given the large quantity of fentanyl in her residence, the additional quantity of fentanyl in the parcel that was addressed to her at her apartment, and the fentanyl in her possession when she was arrested in her Tesla. On top of that, the fact that she had $150,000 in cash in her safe (and told the U.S. Pretrial Services officer that she possessed $200,000 in cash – which the Government and the Court does not know

4

is in addition to the $150,000 or it includes the $150,000 seized from her safe) supports the Government's argument that the defendant poses a continuing danger to the community and also is a flight risk, although the Court is more concerned about the defendant's danger to the community than to her being a flight risk.

The defendant's counsel responded that the defendant did not have a criminal record and instead of detaining the defendant at this time, she should be released for treatment at the Sand Island Treatment Center, as recommended by the U.S. Pretrial Services officer.

While the Court recognizes U.S. Pretrial Services' recommendation to release the defendant to the Sand Island Treatment Center, the Court finds that it is not warranted at this time. The Court makes that finding because of the seriousness of the pending charge, including the fact that two people allegedly died from fentanyl distributed by the defendant and Garrard, plus the large quantity of fentanyl found in the defendant's residence, plus her effort to obtain an additional quantity of fentanyl in the mail, and the fact that fentanyl was in the defendant's possession at the time she was arrested in her Tesla, plus the $150,000 seized from safe (and her statement that she currently has $200,000 in cash). In sum, the Court finds that the proposal of releasing the defendant to the Sand Island Treatment Center does not rebut the presumption in favor of her detention, when considered

in light of the other evidence stated above. Fentanyl is a terrible drug which allegedly caused two deaths in this case. Nevertheless, the Court might be willing to revisit this finding if there is new evidence in the future that would effectively rebut the presumption in favor of the defendant's detention.

WHEREFORE, the Court finds that the Government has shown, by clear and convincing evidence, that the defendant presents a danger to other persons and the community, pursuant to 18 U.S.C. § 3142(f), and there are no conditions of release which would reasonably assure the safety of other persons and the community pursuant to 18 U.S.C. § 3142(e)(1).

The Court further finds that the Government has shown, by a preponderance of the evidence, that the defendant presents a serious risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A), and there are no conditions of release which would reasonably assure the defendant's appearance in Court as required by 18 U.S.C. § 3142(e)(1).

IT IS HEREBY ORDERED that the government's motion to detain the defendant without bail is granted. The defendant is hereby detained pending further Order of this Court. Pursuant to 18 U.S.C. § 3142(i), it is further Ordered that:

1. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel; and

3. Upon order of this Court or on the request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of appearances in connection with court proceedings herein.

DATED: July 5, 2023, at Honolulu, Hawaii.



Rom A. Trader
United States Magistrate Judge


*United States v. Keina Drageset,*
Mag. No. 23-1013 WRP
"Order Granting Government's Amended Motion To Detain The Defendant Without Bail"