MYLES S. BREINER     4364
KYLE T. DOWD         9495
ANDREW STRAND        10323
SEAN FITZSIMMONS     10693
Law Office of Myles S. Breiner & Associates, ALC
1003 Bishop Street, Suite 2150
Honolulu, Hawaii   96813
Telephone: (808) 526-3426
myles@breinerlaw.net

Attorney for Defendant
KEINA DRAGESET (02)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | MAG NO. 23-1013 WRP |
|---|---|
| Plaintiff, | DEFENDANT KEINA DRAGESET'S FIRST WRITTEN REQUEST FOR DISCOVERY OF MATERIALS AND INFORMATION PURSUANT TO RULES 12(d)(2), 12.l(b), 16(a), AND 26.2 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, 18 U.S.C.§3500, <u>BRADY V. MARYLAND,</u> AND RULE 345-l(a) OF THE RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII; CERTIFICATE OF SERVICE |
| v. | |
| KEINA DRAGESET,           (02) | |
| Defendant. | |

**DEFENDANT KEINA DRAGESET'S FIRST WRITTEN
REQUEST FOR DISCOVERY OF MATERIALS AND INFORMATION
PURSUANT TO RULES 12(d)(2), 12.1(b). 16(a), AND 26.2 OF
THE FEDERAL RULES OF CRIMINAL PROCEDURE, 18 U.S.C. §3500,
BRADY V. MARYLAND, AND RULE 345-1(a) OF THE RULES
OF THE UNITED STATES DISTRICT
<u>COURT FOR THE DISTRICT OF HAWAII</u>**

TO:  MARSHALL H. SILVERBERG
     Assistant U.S. Attorney
     *Office of the United States Attorney*
     PJKK Federal Building
     300 Ala Moana Boulevard
     Honolulu, Hawaii 96850

COMES NOW, Defendant KEINA DRAGESET, (hereinafter "Defendant"), by and through her undersigned counsel and hereby request(s) the Office of the United States Attorney (District of Hawaii) to supply the undersigned counsel, and otherwise make available to her the materials and information as hereinafter set forth as soon as practicable, but not to exceed a period of ten (10) days from the date of this request:

1. Pursuant to Rule 12(d)(2) of the <u>Federal Rules of Criminal Procedure</u>, Defendant requests the government serve upon Defendant's counsel notice of the government's intention to use any evidence which Defendant is entitled to discover pursuant to Rule 16 of the <u>Federal Rules of Criminal Procedure</u>;

2. Pursuant to Rule 12.1(b) of the <u>Federal Rules of Criminal Procedure,</u> Defendant requests the government serve upon Defendant's counsel a written

notice stating the names and addresses of the witnesses upon whom the government intends to rely upon to establish Defendant's presence at the scene of the alleged offense and any other witnesses to be relied upon to rebut testimony of any of Defendant's alibi witnesses;

  3. Pursuant to Rules 16(a) and 16(b) of the <u>Federal Rules of Criminal Procedure</u> Defendant requests the government allow her counsel to inspect, copy or photograph the following material and/or information:

    (i) Any relevant written or recorded statement(s) made by Defendant, or copies thereof which are within the possession, custody or control of the government. This request includes, but is not limited to, the statement(s) made by Defendant which are known or by due diligence may become known to the government;

    (ii) The portion of any written record containing substance of any oral statement(s) made by Defendant, whether before or after Defendant's arrest, in response to interrogation by any person then known by Defendant to be a government agent;

    (iii) Any recorded testimony by Defendant before a grand jury which relates to the charged offense(s);

    (iv) The substance of any other oral statement(s) made by Defendant, whether before or after Defendant's arrest, in response to interrogation by any

person then known by Defendant to be a government agent if the government intends to use the oral statement(s) at trial;

(v) The substance of any written or recorded statement(s) made by the Defendant or any co-defendant, together with names and last known addresses of persons who witnessed the making of such statement(s);

(vi) A copy of Defendant's prior criminal records that is within the government's possession, custody, or control. This request includes, but is not limited to Defendant's prior criminal record which is known or by due diligence may become known to the government;

(vii) Any results or reports of physical or mental examinations, and/or scientific tests or experiments, or copies thereof, which are in the possession, custody, or control of the government. This request includes, but is not limited to, tests or experiments which are known or by due diligence may become known to the government. This request also includes, but is not limited to, those tests or experiments which are material to the preparation of Defendant's defense, or which are intended for use by the government at trial;

(ix) Any results or reports of any electronic surveillance (including wiretapping) or conversation(s) to which Defendant was a party which are in the possession, custody or control of the government. This request includes, but is not

4

limited to, electronic surveillance which is known or by due diligence may become known to the government; and

        (x) The identity of any informant(s) involved in this matter including, but not limited to, the name, current address and current telephone number of the informant(s). The government is also requested to indicate whether the informant(s) will be called as a witness at the trial. If the informant(s) are to be called as a witness at trial, the government is also requested to produce the substance of any oral or written statement(s) made by the informant(s).

    4.    Pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, Defendant requests the government to allow her counsel to inspect, copy, photograph any statement of any witness that testifies on direct examination on behalf of the government. This request includes, but is not limited to, any statement which is known or by due diligence may become known to the government.

    5.    Pursuant to The Jencks Act, 18 U.S.C. §3500, Defendant requests the government to allow her counsel to inspect, copy or photograph any statement or report in the possession of the government which was made by any government witness or any prospective government witness. This request includes, but it not limited to, any statement which known or by due diligence may become known to the government;

5

6. Pursuant to <u>Brady v. Maryland,</u> 373 U.S. 83 (1963), and its progeny, Defendant requests the government to disclose to her counsel all evidence favorable to Defendant which is material either to guilt or punishment, and therefore allow Defendant's counsel to pursue any important, necessary, and/or independent investigations as well as to formulate defenses and trial strategies. This request includes, but is not limited to the following:

(i) The offense guideline or guidelines which the government represents is applicable to the charge against the Defendant;

(ii) The base level the government represents is applicable to the charges against Defendant, including a showing of the method by which the government represents the charges should or should not be grouped;

(iii) Any aggravating specific offense characteristics the government intends to seek as applicable to the charges against Defendant;

(iv) Any adjustments regarding the victim, role, obstruction, or acceptance of responsibility which the government believes are applicable to the case;

(v) Whether the government intends to take the position that the career offender or criminal livelihood provisions apply to the Defendant in this case;

(vi) The ground, if any, upon which the government will argue for an upward departure from the applicable guideline ranger, including but not limited to any argument regarding the adequacy of the criminal history category; and,

(vii) The existence of any facts, information or other evidence that could give rise to an argument for a downward departure from the applicable guideline range;

9. Defendant also requests that the government provide and/or otherwise disclose to his counsel any and all material(s) or information which tends to negate Defendant's guilt as to the offense charged or would tend to reduce her punishment therefor.

If, prior to or during trial, the government discovers additional evidence or material previously requested herein, the government shall promptly notify the defendant's counsel of the existence of the additional evidence or material.

DATED: Honolulu, Hawaii, July 5, 2023.

/s/ Myles S. Breiner
MYLES S. BREINER
Attorney for Defendant
KEINA DRAGESET